UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JAMES THURMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **2:23-CV-33** |
| vs. | ) |
| | ) |
| MR. MIKE MONILLIE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff has filed a Complaint [Doc. 1] and a Motion for Leave to Proceed with this action without prepayment of fees [Doc. 2]. This matter is now before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To that end, the statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, the petitioner must initially show by affidavit the inability to pay court fees and costs. 28 U.S.C. § 1915(a). One need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins* 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot because of poverty

afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present motion, Plaintiff indicated that he is incarcerated at the Irwin County Detention Center in Ocilla, Georgia. Under the Prison Litigation Reform Act of 1995, a prisoner who files a complaint in a district court must tender the full filing fee *or* he must file (1) an application to proceed *in forma pauperis* without prepayment of fees *and* (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2). Plaintiff has not paid the required $402.00 filing fee, nor has he submitted the proper documents to proceed *in forma pauperis*. Specifically, Plaintiff has not filed a certified copy of his inmate trust account nor provided any explanation to the Court for failing to do so. In such circumstances, the Court would normally provide a plaintiff with an additional opportunity to provide the required document. However, in this matter it would be inappropriate because Plaintiff has full knowledge of the documents that must be filed to support a request to proceed without prepayment of fees because he has previously filed eleven other lawsuits in this District and asked to proceed without prepayment of fees in all of them.

Accordingly, Plaintiff's Motion for Leave to Proceed *in forma pauperis* [Doc. 2] is **DENIED**, and Plaintiff is **ASSESSED** the civil filing fee of $402.00. Plaintiff shall have **thirty (30) days** from the entry of this order within which to pay the filing fee. Should Plaintiff fail to

pay the filing fees and associated costs, the undersigned **RECOMMENDS** that the case be dismissed without prejudice for want of prosecution.[1]

**SO ORDERED:**

/s/Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 198l); 28 U.S.C. § 636(b)(1)(B) and (C).